IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD M. COTT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 15-1259 |
| ) | Judge Nora Barry Fischer |
| v. ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| WALDRON, LP, ) | Re: ECF No. 17 |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

Plaintiff Richard M. Cott ("Plaintiff") brought this civil action against Defendant Waldron, LP ("Defendant") on September 25, 2015, alleging that Defendant discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.* ("PHRA"), when Defendant terminated his employment in May of 2014. ECF No. 1. On December 4, 2015, Defendant filed an Answer to the Complaint and a Counterclaim against Plaintiff for breach of contract. ECF No. 9.

Presently before the Court is Plaintiff's Motion to Dismiss and Compel Arbitration of Counterclaim ("the Motion"). ECF No. 17. For the reasons that follow, it is respectfully recommended that the Motion be granted.

**II. REPORT**

  **A. FACTUAL AND PROCEDURAL BACKGROUND**

It appears undisputed that Plaintiff began his employment with Defendant in August of 2013 and that his compensation package included a $700,000.00 forgivable loan ("the Loan"),

which was to be paid to Plaintiff in installments. ECF No. 9 at 8, ¶ 11. According to the Counterclaim and the Transition Promissory Note ("the Note"), which sets forth the terms of the Loan, the Loan would be forgiven only if Plaintiff remained in Waldron's employment for forty-eight months; Plaintiff paid to Defendant all applicable federal, state and local taxes on the Loan; and that no event of default occurred. Id. at 8-9, ¶ 12. See ECF No. 17-1 ¶ 2. It also appears that under the terms of the Note, the termination of Plaintiff's employment "for any reason, with or without cause," would constitute an event of default, which would permit Defendant to declare the entire disbursed but unpaid principal balance of the Loan to be immediately due. ECF No. 9 at 9, ¶ 13; at 11, ¶ 28. See ECF No. 17-1 ¶ 3.

Defendant terminated Plaintiff's employment in May of 2014. On July 24, 2014, Defendant notified Plaintiff that $175,000.00 of the unpaid principal balance of the Loan, plus interest, costs and fees were immediately due and owing. ECF No. 9 at 11, ¶ 31. Plaintiff has apparently refused to pay. Id. ¶ 32. Accordingly, on December 4, 2015, Defendant filed a Counterclaim alleging that Plaintiff has breached his contractual duties and obligations under the terms of the Loan. Id.

Plaintiff filed the instant Motion on December 28, 2015, arguing that the plain and unambiguous language of the Note indicates that Defendant is obligated to arbitrate its breach of contract claim. ECF No. 17. Defendant filed a Response to the Motion on January 19, 2016, and Plaintiff filed a Reply Brief on February 1, 2016. ECF Nos. 22, 23. As such, the Motion is ripe for review.

B.     STANDARD OF REVIEW

"Because '[a]rbitration is a matter of contract between the parties,' a judicial mandate to arbitrate must be predicated upon the parties' consent." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771 (3d Cir. 2013), *quoting* Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980). Thus, although the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.*, permits the enforcement of a contract to arbitrate, it requires that a court first satisfy itself that the making of the agreement to arbitrate is not in issue. Id., *citing* 9 U.S.C. § 4. In determining whether an agreement to arbitrate was actually reached, the United States Court of Appeals for the Third Circuit has found that the appropriate standard to be applied depends on the circumstances of the particular case. Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d at 774-776. Specifically, the Court of Appeals held that:

> when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question. After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.

Id. at 776.

Here, although the parties have arrived at different conclusions, they appear to agree that the question of arbitrability can be decided on the face of the Counterclaim and the documents

relied upon therein.  As such, the Court is properly guided by the standard governing Rule 12(b)(6) motions in resolving the instant dispute.  The question therefore becomes whether, under any plausible reading of the Counterclaim, Defendant's breach of contract claim is properly pursued in this Court or whether the allegations in the Counterclaim establish, absent any speculation, that the parties agreed to arbitrate the claim.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  In so deciding, the Court must accept as true all material allegations in the Counterclaim and all reasonable factual inferences must be viewed in the light most favorable to Defendant as the Counter-Claimant.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not accept bald assertions or inferences drawn by Defendant if they are unsupported by the facts set forth in the Counterclaim.  See California Pub. Emp. Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

### C. DISCUSSION

The FAA provides that "[a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA also provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States District Court ... for an Order directing that such arbitration proceed in the manner provided in the agreement."  9 U.S.C. § 4.  See Grimm v. First Nat'l Bank of Pa., 578 F. Supp. 2d 785, 791 (W.D. Pa. 2008).  See also Guidotti

v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d at 773 ("questions of arbitrability . . . are presumed to be questions for judicial determination"). Under these provisions, "federal law places 'arbitration agreements on an equal footing with other contracts,' and requires courts to 'enforce them according to their terms.'" CardioNet, Inc. v. Cigna Health Corp., 751 F.3d 165, 172-73 (3d Cir. 2014), quoting AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011). Accordingly, when deciding a motion to compel arbitration, the court must address two issues: (1) whether the parties have entered into a valid written agreement to arbitrate, and (2) whether the dispute in question falls within the scope of that agreement. Schrock v. Nomac Drilling, LLC, No. 2:15-CV-1692, 2016 WL 1181484, at *2-3 (W.D. Pa. Mar. 28, 2016), citing Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 523 (3d Cir. 2009).

In the instant case, the parties do not dispute that they entered into a valid written agreement to arbitrate. The only question before the Court therefore is whether Defendant's breach of contract claim falls within the scope of that agreement.

"In assessing whether a particular dispute falls within the scope of an arbitration clause, "[the] 'focus [is] on the factual underpinnings of the claim rather than the legal theory alleged in the complaint.'" CardioNet, Inc. v. Cigna Health Corp., 751 F.3d at 172-73, quoting Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc., 247 F.3d 44, 55 (3d Cir. 2001). "In so doing, [the court can] 'prevent[ ] a creative and artful pleader from drafting around an otherwise-applicable arbitration clause.'" Id., quoting Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc., 567 F.3d 1191, 1198 (10th Cir. 2009). The court therefore should first look to the contractual language in the arbitration clause at issue. Id.

5

The arbitration clause contained in the Note at issue here provides that:

> <u>Arbitration Clause</u>. Waldron and you agree that any action instituted as a result of any controversy arising out of this Note, or as a result of any section interpretation thereof, shall be brought before the arbitration facility of the Financial Industry Regulatory Authority to the exclusion of all others. You agree that arbitration shall be your exclusive remedy and that the results of such arbitration shall be final and binding upon you. Judgment upon any award rendered by an arbitration panel may be entered in any state or federal court of competent jurisdiction.

ECF No. 71-1 at 3, ¶ 7. It appears clear from this language that the parties intended to arbitrate "any controversy arising out of [the] Note." Because Defendant's Counterclaim is based on Plaintiff's alleged breach of the Note, it necessarily constitutes a controversy arising out of the Note. Defendant's breach of contract claim therefore falls within the scope of the arbitration agreement and Defendant is obligated to arbitrate its claim.

Defendant nevertheless argues that, given the termination of Plaintiff's employment, the arbitration clause does not apply in this case because there is no controversy or dispute regarding the existence of Plaintiff's debt or that he is required to repay the unforgiven portions of the Loan that he received. Plaintiff, however, obviously *does* dispute that he is required to repay Defendant the portion of the Loan he received or there would be no need for Defendant to have filed the instant Counterclaim and no controversy to be adjudicated.

Defendant also points to Section 4 of the Note regarding "Remedies" which provides that "[u]pon the occurrence of an Event of Default . . . Waldron may, at its option, declare the entire disbursed but unpaid principal balance of this Note immediately due and payable . . . and Waldron may exercise any and all rights and remedies available to it under applicable law with respect to the enforcement and collection of this Note." Defendant argues that under this

6

provision it is permitted to pursue its breach of contract claim in this Court. RCF No. 17-1 at 2, ¶ 4. Defendant's argument, however, overlooks the plain language of the arbitration clause which governs the issue before the Court. Because the arbitration clause dictates the forum in which disputes arising out of the Note are to be adjudicated and mandates that those controversies are to be arbitrated before the Federal Industry Regulatory Authority, it appears that any right and remedy other than arbitration is not available to Defendant under those circumstances. Section 4 therefore does not provide the basis for Defendant to side-step the arbitration clause to which it agreed.

Defendant further argues that because Plaintiff was the first to file suit relative to the termination of his employment, he has placed his entire employment relationship with Defendant at issue and that because the terms and conditions of his employment were outlined in documents in addition to the Note, *i.e*, a July 24, 2013 offer letter and an Employment Agreement, the Court should also look to these documents to determine whether its breach of contract claim is subject to arbitration. Specifically, Defendant asks the Court to consider the language in the Employment Agreement entered into by the parties which apparently states that "[a]ny litigation initiated as a result of a breach or alleged breach of *this* agreement must be filed and pursued in Allegheny County, Pennsylvania." See ECF No. 22 at 5 (emphasis added). Clearly, this provision applies to any litigation resulting from a breach of the Employment Agreement. Defendant, however, has not alleged that Plaintiff breached the Employment Agreement but rather has alleged that Plaintiff breached the terms of the Note. Thus, the only issue before the Court is whether Defendant's Counterclaim falls within the scope of the Note and the terms of the Employment Agreement are irrelevant.

Defendant also argues that because its Counterclaim arises out of the same operative facts that form the basis of Plaintiff's Complaint, *i.e.*, whether Defendant's decision to terminate Plaintiff's employment was based on legitimate business reasons, it was required under the Federal Rules of Civil Procedure to file its Counterclaim. The Court disagrees.

Although as a general matter it is clear that all of the claims brought by the parties arise out of their employment relationship, the similarity between Plaintiff's claims and that raised by Defendant ends there. Plaintiff's claims require the Court to inquire into the reasons for Plaintiff's discharge, *i.e.*, whether Defendant did so unlawfully in violation of the ADA and the PHRA or whether it did so for legitimate nondiscriminatory business reasons, *i.e.*, Plaintiff's poor performance. Defendant's Counterclaim, however, revolves solely around Plaintiff's contractual obligations under the terms of the Note following his termination. Indeed, none of the facts offered by Defendant in support of its breach of contract claim mirror those set forth by Plaintiff to support his ADA and PHRA claims. See ECF Nos. 1, 9. Defendant's Counterclaim therefore does not "arise[] out of the transaction or occurrence that is the subject matter of [Plaintiff's] claim," and is not, as Defendant suggests, a compulsory counterclaim brought pursuant to Fed. R. Civ. P. 13(a)(1)(A). Under these circumstances, Defendant's argument that it was required to bring its Counterclaim in this Court is unavailing.

Finally, in the alternative, Defendant argues that, because review of the Note, the Employment Agreement and it's legal arguments "show that the parties disagree on whether the Arbitration provision of the Note applies to [its] Counterclaim," it should "be permitted to engage in limited discovery to determine whether [Defendant's] Counterclaim must be submitted to arbitration." ECF No. 22 at 7.

As the Court of Appeals for the Third Circuit has found:

> [A] Rule 12(b)(6) standard is inappropriate when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate ... or the opposing party has come forth with reliable evidence that is more than a 'naked assertion ... that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did.... Under the first scenario, arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record. The second scenario will come into play when the complaint and incorporated documents facially establish arbitrability but the non-movant has come forward with enough evidence in response to the motion to compel arbitration to place the question in issue. At that point, the Rule 12(b)(6) standard is no longer appropriate, and the issue should be judged under the Rule 56 standard.... (judging motion to compel arbitration under summary judgment standard where plaintiff presented "[a]n unequivocal denial that the agreement had been made, accompanied by supporting affidavits").

Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d at 774 (internal citations omitted). "Under either of those scenarios, a 'restricted inquiry into factual issues' will be necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate . . ., and the non-movant 'must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity' of the arbitration agreement . . . ." Id., quoting Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 22 (1983) and Deputy v. Lehman Bros., Inc., 345 F.3d 494, 511 (7th Cir. 2003).

In the instant case, however, the Court has already found that Plaintiff's Motion is predicated on a complaint (or, in this case, the Counterclaim) that has the requisite clarity to establish on its face that the parties agreed to arbitrate and that the evidence and/or arguments proffered by Defendant in its Response to the Motion are insufficient to place the question of arbitrability at issue. Accordingly, Defendant's contention that it did not intend for its breach of

9

contract claim to be arbitrated when it executed the Note and agreed to the arbitration clause contained therein, is nothing more than a naked assertion and does not provide the basis for granting discovery into the matter.

**D.      CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion to Dismiss and Compel Arbitration of Counterclaim, ECF No. 17, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully submitted,

    /s/ Maureen P. Kelly
    MAUREEN P. KELLY
    CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 2, 2015

cc:    The Honorable Nora Barry Fischer
    United States District Judge

    All counsel of record by Notice of Electronic Filing